**Victor A. ALLEN, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 00–3422.

United States Court of Appeals, Federal Circuit.

Feb. 8, 2001.

Before GAJARSA and LINN, Circuit Judges, FRIEDMAN, Senior Circuit Judge.

PER CURIAM.

Allen appeals a decision of the Merit Systems Protection Board dismissing, for lack of jurisdiction, Allen's challenge to his removal from the United States Postal Service ("Postal Service"). *Allen v. United States Postal Serv.*, AT–0752–99–0857–I–1 (M.S.P.B. Nov. 24, 1999). The full board denied Allen's petition for review. *Allen v. United States Postal Serv.*, AT–0752–99–0857–I–1 (M.S.P.B. July 17, 2000). Because the board's decision is without reversible error, we *affirm*.

BACKGROUND

Allen held the position of Part-time Flexible Letter Carrier and was removed for failure to meet the attendance requirements of that position. Specifically, Allen refused to work on various Saturdays for which he was scheduled to work. Allen, a Seventh Day Adventist, believes that he should not work on Saturdays. The Postal Service, which was aware of Allen's religious beliefs before offering him the posi-

tion, was generally accommodating. However, prior to offering Allen his position it did warn him that it might not always be possible to allow him not to work on Saturdays. Despite this warning, Allen accepted the job.

Allen has challenged his removal in a variety of venues, including the Tennessee District Equal Employment Opportunity Office, the United States District Court for the Western District of Tennessee, the United States Court of Appeals for the Sixth Circuit, the Merit Systems Protection Board, and now this court.

DISCUSSION

A. Standard of Review

This court must affirm a board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3) (1994); *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). The burden of establishing reversible error in a board decision rests upon the petitioner. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998). As with the burden of establishing reversible error, the burden of establishing the board's jurisdiction lies with the petitioner. *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed.Cir.1985).

B. Analysis

Allen has not established that the board had jurisdiction over his claim. The board does not have jurisdiction over actions involving Postal Service employees, unless the employee is preference eligible. 5 U.S.C. § 7511(a)(1)(B) (stating that the employee must be preference eligible); 5

U.S.C. § 2108 (defining preference eligible); 39 U.S.C. § 1005(a) (applying parts of title 5 to preference eligible Postal Service employees). Given Allen's undisputed service dates, for him to be preference eligible he must have served in a war or campaign. 5 U.S.C. § 2108. However, there is no evidence of any such service.

 Allen asserts that he had a Veterans Readjustment Appointment ("VRA") and that a VRA gives the board jurisdiction. The relevant regulations do not, however, provide jurisdiction over religious discrimination claims. 5 C.F.R. § 315.806(d) (stating that an appeal alleging religious discrimination cannot stand by itself). And although the relevant regulations do provide two other grounds for appeal, but for the reasons explained below, neither of them apply to Allen. 5 C.F.R. § 315.806(a)-(c).

First, the regulations allow an appeal based on marital status or partisan political reasons, but Allen has not supported any such allegation. 5 C.F.R. § 315.806(b); see Ballard v. Air Force, 27 M.S.P.R. 287, 288 (1985). Second, the regulations allow an appeal if Allen was fired for a "condition[ ] arising before his appointment" without certain general procedural requirements being followed. 5 C.F.R. §§ 315.805, 315.806(c). Allen claims that the Postal Service's knowledge of his religious beliefs automatically gives rise to such a pre-existing condition. However, the record shows that Allen was not fired for his religious beliefs (the pre-existing condition), but rather for practicing them and missing work, despite being warned that the Postal Service would not always be able to accommodate his preference. To allow Allen to maintain this claim would be contrary to the undisputed facts and would circumvent the clear language of the regulation that religious discrimination claims cannot stand on their own. 5 C.F.R. § 315.806(d) (referring to 5 C.F.R. § 535.806(b) and (c).)

Allen also asks this court to review the decision of the district court. Such a review is beyond our power because that decision, concerning Allen's Equal Employment Opportunity complaint, is not subject to this court's limited jurisdiction and, thus, is not properly before us in this appeal.

Lastly, Allen makes various cursory arguments in his filings. We have carefully considered each of these, but find none of them to have merit.

## CONCLUSION

The board's decision that it lacked jurisdiction is without reversible error. Accordingly, we *affirm*.